## Case No. 6,480.

### The HILARITY.

[Blatchf. & H. 90.] [1]

District Court, S. D. New York. Nov. 30, 1829.

HYPOTHECATION OF VESSEL — MORTGAGE — ADMIRALTY JURISDICTION—SEAMEN'S WAGES.

1. A hypothecation of a vessel, in the form of a mortgage, as security for supplies furnished in a foreign port, may be enforced in rem in the admiralty. The lien created by such hypothecation is not lost by taking other security for the claim.

2. In regard to supplies furnished a domestic ship in her own port, courts of admiralty are governed by the law of the place, in determining whether a lien against the vessel exists for such supplies. For this purpose, ports in different states of the United States are foreign to each other.

3. A material man cannot maintain an action in personam in admiralty, where a note or other obligation has been taken for the demand.

4. Either the owner or the master of a ship may bind her by a direct hypothecation, for repairs or supplies made or furnished in a foreign port, although a note or other obligation is given for the demand.

5. A hypothecation in the form of a mortgage is not a bottomry bond, where the creditor neither assumes the risk of a voyage nor reserves marine interest.

6. Seamen's wages take precedence of a hypothecation for supplies.

[1] [Reported by Samuel H. Hempstead, Esq.]

[1] [Reported by Samuel Blatchford, Esq., and Francis Howland, Esq.]

This was a libel in rem against the schooner Hilarity. A hypothecation of the vessel was made by her owner in the port of Baltimore, in the form of a mortgage, as security to a material man, for supplies furnished her. The owner resided in the state of Delaware. A promissory note, at four months, was also taken for the same demand. The vessel was now libelled on the mortgage as a bottomry bond. A claim was interposed by an older mortgagee, and also by the seamen for their wages; and pleas were put in to the jurisdiction of the court on two grounds: 1st. That the lien implied by law was destroyed by the party's taking other security for his claim, and that no direct lien could be created by mortgage, and be enforced in admiralty; 2d. That the remedy upon the securities must be sought in the ordinary courts of law alone.

Mr. Greenwood, for libellant.
Mr. Blunt, for claimants.

BETTS, District Judge. This case does not present the point whether material men have a lien, in the home port of the owner, against the vessel, without actual possession. It is now fully settled, that in respect to domestic ships in their own ports, the courts of admiralty must be governed by the law of the place. The General Smith, 4 Wheat. [17 U. S.] 438, 439; The St. Jago de Cuba, 9 Wheat. [22 U. S.] 409; The Zodiac, 1 Hagg. Adm. 320, 325. In those states where the rules of the civil law obtain, the lien would exist; but where the common law prevails, there would be no lien. But the question in this case is, whether a hypothecation of a vessel, by way of mortgage, can be enforced in the courts of admiralty. Baltimore being a foreign port in relation to the state of Delaware, it is well-settled that the lien would have been perfect, and that it might have been enforced in any maritime court, if no assurance for payment had been taken by the material man. Abb. Shipp. 116, note. The late decisions of the supreme court, which are quoted to establish a contrary doctrine, were cases of inquiry into the owner's liability in personam to material men. It was decided, that courts of admiralty would not sustain a suit in personam, for materials furnished a vessel, where a note of hand or other obligation had been taken for the demand. This would be upon the principle that a specific contract had been accepted in lieu of the implied obligation of the owner. The liability of the vessel was not in question.

It has been decided in this court, on full argument, that the master may bind a vessel, by a direct hypothecation, for repairs in a foreign port, although he has also given the creditor a bill of exchange for the same demand. The William and Emmeline [Case No. 17,687]. The right of the master to hypothecate, results from the doctrine that he stands in the place of the owner. His powers, however, though never greater, are often less than those of the owner. Thus, the owner may pledge the vessel by bottomry for the purchase of cargo,—The Mary [Id. 9,187],—which the master cannot do. In the present case, the libel articles upon the instrument of hypothecation as a bottomry bond, although it lacks the form and the essential requisites of that security. The creditor neither assumes the risk of a voyage nor reserves marine interest. But no special form of transaction is necessary to make an operative hypothecation. Any method which shows the intention of the parties, describes the subject matter, and confers adequate powers upon the pledgee, will make an empawning of property, which will be treated by the courts as such, whether in the form of a mortgage or of a simple hypothecation. There is, therefore, no impediment to proceeding on this instrument as a mere hypothecation, although it might also have the effect of a mortgage. There is nothing in the objection that this security can be enforced only by an action at common law. It is not necessary now to consider whether, in every case of a mortgage of a vessel, or of her equipments, a court of admiralty will enforce the contract in rem; for the debt secured by the hypothecation in this case, having been contracted for supplies furnished a vessel in a foreign port, was indisputably within the jurisdiction of the court, and that jurisdiction was not lost because the parties reduced to writing an admission of the indebtedness. I think, therefore, that the giving of the promissory note creates no impediment to the creditor's pursuing his primary lien in a court of admiralty against the vessel.

The question as to the order of payment between the two mortgages, is reserved for further consideration, after the money is brought into court.

A decree of condemnation must be entered, and a reference be had to the clerk to state the amount of wages due to the seamen, and also the amount due on the respective mortgages. The wages will be first satisfied. Decree accordingly.

---

HILDRETH (HEATH v.). See Case No. 6,309.

HILDRUP (STINSON v.). See Case No. 13,-459.

HILDT (DOUGHTY v.). See Case No. 4,027.